UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,　　　　　　　　　　Case No. 15-cr-41-PP

　　　　　Plaintiff,

v.

ANDREW A. PORTIS,

　　　　　Defendant.

---

**ORDER DENYING DEFENDANT'S *PRO SE* MOTION TO COMPEL (DKT. NO. 21)**

---

On August 13, 2015, the court sentenced the defendant to serve twenty-two (22) months in the custody of the Bureau of Prisons. Dkt. No. 19 at 2. During the sentencing hearing, counsel for the defendant asked the court to order that the defendant receive credit for the time he'd served since January 2015. Dkt. No. 18 at 2. The order of judgment states, "Defendant shall be given credit for time served, if any, as determine/calculated by the Federal Bureau of Prisons." Id.

On May 31, 2016, the court received from the defendant this motion to compel. Dkt. No. 21. In his motion, the defendant argues that he should have received credit for time served between January 12, 2015 and August 13, 2015. Id. at 2. He states, "As you will be able to see on the progress report, no jail time served has been applied. The court ordered that jail credit be given." Id. The defendant asks the court to issue an order requiring the Bureau of Prisons

1

to give him the credit he believes he is due, and to provide instructions "that this order be followed." Id.

The court first notes that, while the defendant refers in his motion to a progress report, he did not attach any documents to his motion. He did not attach a progress report (and the court does not know what progress report he's referring to). Nor did he attach a Sentence Monitoring Computation Data sheet (a document many federal prisoners refer to in trying to figure out whether they have received credit for time served, and to compute their projected release dates). So the court does not have any documentation showing it how the Bureau of Prisons has computed the defendant's sentence, or whether it has given him any credit.

Second, the court can see from a review of the docket that the defendant was indicted on March 10, 2015. Dkt. No. 1. At that time, he was confined at the Milwaukee Secure Detention Facility, a state jail. Because of this, on March 16, 2015, Magistrate Judge Joseph had to issue a writ of *habeas corpus ad prosequendum*, to "borrow" the defendant from state custody to appear on the federal charges. Dkt. No. 4. On the day that the defendant appeared before Judge Joseph for his arraignment and plea on the federal charges, Judge Joseph noted in the court minutes, "Deft. Is currently in state custody awaiting revocation. Crt. Orders the deft. Returned to state custody and a detainer lodged. If released, he is to return to this court for a detention/bond hrg." Dkt. No. 8 at 2. On that same day, the defendant's lawyer filed on the docket a form indicating that the defendant had waived his rights under the Interstate

2

Agreement on Detainers so that he could go back to state custody, and that he agreed to be returned to federal court whenever necessary for his federal case. Dkt. No. 7.

The Wisconsin Circuit Court Access Program indicates that the defendant had been sentenced in Wisconsin v. Portis, 11CF3295, available at https://wcca.wicourts.gov. He received a sentence of two years' imprisonment and four years of extended supervision. He was released on extended supervision on July 2, 2013, but that supervision was revoked on March 3, 2015; this is the revocation which resulted in the defendant's being in WSDF on the date he was scheduled to be arraigned in federal court.

Section 3585(b) of Title 18 governs credit for time served. Generally, if a prisoner receives credit toward a state sentence, he can't get credit against his federal sentence for the same amount of time. See United States v. Wilson, 503 U.S. 329 (1992). The authority to compute sentences, and to figure out what time should be credited to a state sentence and what should be credited to the federal sentence, belongs to the Bureau of Prisons. 28 C.F.R. §0.96(2010).

Thus, it is up to the Bureau of Prisons to determine whether the time the defendant spent in the Wisconsin Secure Detention Facility counts toward his state sentence or toward his federal sentence. If the defendant believes that the Bureau of Prisons' calculation in that regard is incorrect, the proper procedure is for the defendant to file a *habeas corpus* petition pursuant to 28 U.S.C. §2241 in the district where he currently resides (this court is uncertain, but believes that is the Eastern District of Michigan).

For all of these reasons, the court **DENIES** the defendant's Motion to Compel the Federal Bureau of Prisons to Apply Jail Credit." Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 7th day of June, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge