UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      Case No. 15-cr-41-pp

ANDREW A. PORTIS,

        Defendant.

---

**ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW (DKT. NO. 46)**

---

      On April 30, 2015, the defendant signed a plea agreement, admitting that he had possessed Winchester 20-gauge shotgun ammunition despite knowing that he previously had been convicted of a crime punishable by more than a year in prison. Dkt. No. 13 at 2. The court sentenced the defendant to serve twenty-two months in custody (eight months below the low end of the guideline range, see Dkt. No. 20 at 2) to run concurrently with a state-court revocation sentence he was serving. Dkt. No. 18 at 2.

      The defendant had been arrested on January 12, 2015. Dkt. No. 16 at 3. At the time, he was on extended supervision following his conviction for armed robbery with the use of force. Id. at ¶31. In March 2015, that extended supervision was revoked, presumably based on his arrest for the federal offense. Id. When this court sentenced the defendant in August 2015, it ordered that the Bureau of Prisons should "credit the defendant with the time served since January 2015." Dkt. No. 18 at 2.

1

On May 31, 2016, the court received from the defendant a motion asking the court to compel that he receive the eight-month credit the court had ordered. Dkt. No. 21. The defendant attached to this motion documents from the Bureau of Prisons which he indicated showed that he had not received the credit the court ordered. Dkt. No. 21-1. The court denied that motion. Dkt. No. 22. As the court explained,

> [T]he court can see from a review of the docket that the defendant was indicted on March 10, 2015. Dkt. No. 1. At that time, he was confined at the Milwaukee Secure Detention Facility, a state jail. Because of this, on March 16, 2015, Magistrate Judge Joseph had to issue a write of *habeas corpus ad prosequendum*, to "borrow" the defendant from state custody to appear on the federal charges. Dkt. No. 4. On the day that the defendant appeared before Judge Joseph for his arraignment and plea on the federal charges, Judge Joseph noted in the court minutes, "Deft. Is currently in state custody awaiting revocation. Cr. Orders the deft. Returned to state custody and a detainer lodged. If released, he is to return to this court for a detention/bond hrg." Dkt. No. 8 at 2. On that same day, the defendant's lawyer filed on the docket a form indicating that the defendant had waived his rights under the Interstate Agreement on Detainers so that he could go back to state custody, and that he agreed to be returned to federal court whenever necessary for his federal case. Dkt. No. 7.
>
> The Wisconsin Circuit Court Access Program indicates that the defendant had been sentenced in Wisconsin v. Portis, 11CF3295, available at https:/wcca.wicourts.gov. He received a sentence of two years' imprisonment and four years of extended supervision. He was released on extended supervision on July 2, 2013, but that supervision was revoked on March 3, 2015; this is the revocation which resulted in the defendant's being in WSDF on the date he was scheduled to be arraigned in federal court.
>
> Section 3585(b) of Title 18 governs credit for time served. Generally, if a prisoner receives credit toward a state sentence, he can't get credit against his federal sentence for the same amount of time. See United States v. Wilson, 503 U.S. 329 (1992). The authority to compute sentences, and to figure out what time should be credited to a state sentence and what should be credited to the federal sentence, belongs to the Bureau of Prisons. 20 C.F.R. §0.96(2010).

> Thus, it is up to the Bureau of Prisons to determine whether the time the defendant spent in the Wisconsin Secure Detention Facility counts toward his state sentence or toward his federal sentence. If the defendant believes that the Bureau of Prisons' calculation in that regard is incorrect, the proper procedure is for the defendant to file a *habeas corpus* petition pursuant to 28 U.S.C. §2241 in the district where he currently resides (this court is uncertain, but believes that is the Eastern District of Michigan).

Id. at 2-3.

The defendant was released from BOP custody and began serving his supervised release term on March 31, 2017. Dkt. No. 23 at 1. On July 10, 2020, he was arrested by the West Allis Police Department on various charges. Dkt. No. 26 at 1. He also was arrested on November 21, 2020, and eventually charged with several offenses in Milwaukee County Circuit Court. Id. at 2. On December 1, 2020, the court issued a warrant for the defendant's arrest. Id. The defendant was arrested on the following day and appeared before Magistrate Judge Stephen C. Dries via Zoom. Dkt. No. 28. At a hearing on December 7, 2020, Judge Dries ordered the defendant detained pending a revocation hearing. Dkt. Nos. 31, 32.

On December 9, 2020, the defendant's lawyer asked the court to adjourn the revocation hearing (then scheduled for December 22, 2020) to give defense counsel the opportunity to obtain discovery in the state case, Wisconsin v. Portis, 20CF4180. Dkt. No. 34. The court granted that motion, removed the December 22, 2020 revocation hearing from the calendar and ordered the parties to file a status report by January 11, 2021. Dkt. No. 35. Before that date arrived, however, the defendant's attorney sought leave to withdraw as

3

counsel. Dkt. No. 36. Judge Dries granted that motion, id., and current counsel filed his appearance on December 19, 2020, dkt. no. 37. Since then, the parties have filed two status reports, asking the court to give them time to find out what happens in the state case. Dkt. Nos. 39, 42. (This is a common practice in cases where a state prosecution forms the basis of the federal revocation request; if the defendant is acquitted of the state charges, that could impact the federal judge's revocation decision, and if he is convicted, the federal judge likely would take into consideration the length of any state sentence he received.)

On June 11, 2021, the court received a letter from the defendant. Dkt. No. 44. (The defendant sent this letter himself, even though he had a lawyer representing him.) He explained that he was in custody at the Dodge County Jail awaiting his revocation hearing before this court, and noted that the hearing had been postponed more than once to determine the outcome of the state charges (which, he noted, had not proceeded beyond the preliminary hearing stage). Id. at 1. The defendant asked the court to look into the fact that he never received the sentence credit the court had ordered at the August 2015 sentencing. Id. at 1-2. He explained that as of the date he wrote the letter, he had been incarcerated for eight months; he asked the court to give him credit for the eight months it ordered in August 2015 and the eight months he most recently has served, and argued that if the court were to do this, it would "make [him] eligible for time served." Id. at 2. He asked the court to take these issues into consideration before "making a judgment upon" him. Id. at 3.

Six days later, the court received defense counsel's motion to withdraw and request for a hearing. Dkt. No. 46. Counsel indicates that he is making the request because the defendant asked him to do so. Id. at 1.

The public docket for Wisconsin v. Portis, Case No. 2020CF004180 (Milwaukee County Circuit Court) indicates that the defendant has been charged with five felonies, including second-degree recklessly endangering safety, fleeing/eluding and felon in possession. https://wcca.wicourts.gov/. It shows that defense counsel had received discovery as of June 14, 2021 and that Circuit Judge David Feiss has set a scheduling conference for July 15, 2021 via Zoom. Id.

The court will grant defense counsel's motion to withdraw and will do so without a hearing. It will ask Federal Defender Services to appoint another lawyer for the defendant. The court warns the defendant, however, that it does not have an endless supply of lawyers to appoint; the defendant must find a way to get along with his lawyer.

As for the defendant's letter asking the court to give him credit for the eight months the court ordered at sentencing in August 2015, the court already has denied that request. The court explained in its June 6, 2016 order denying the defendant's motion to compel that it is the Bureau of Prisons, not the court, that has the authority to grant sentence credit. Dkt. No. 22. It also explained that because the defendant was serving a revocation sentence, he could not get credit for that same time against his state sentence. What the court should have said more clearly in its June 6, 2016 order was that when

the court ordered at the August 2015 sentencing hearing that the BOP should give the defendant credit for time served since January 2015, the court ordered something it did not have the authority to order. The court made an error at the August 2015 sentencing. It did not have the authority then, nor does it have the authority now, to give the defendant credit against a federal sentence for time he was serving on a state revocation sentence.

With regard to the delays in scheduling the defendant's federal revocation hearing, once the defendant has a new lawyer, that new lawyer is more than welcome to ask the court to schedule the revocation hearing, if the new lawyer believes that doing so is in the defendant's best interest. The court notes, however, that if the defendant's prior lawyer had insisted on holding the revocation hearing without knowing what evidence the state has against the defendant in the state case, the defendant would have been at a severe disadvantage and his lawyer would have found it hard to defend the defendant against the alleged revocation violations. And, as the court already has pointed out, the outcome of the state case might impact this court's findings, either as to whether to revoke or what sentence to impose.

Finally, when the court *does* hold the revocation hearing, if the court revokes the defendant, he will have as much time as he likes to tell the court anything that he believes the court should consider in deciding the appropriate sentence for the defendant. Until then, the defendant is best served by talking with and listening to his attorney, and by communicating with the court only through his lawyer.

The court **GRANTS** Attorney Thomas J. Erickson's motion to withdraw as counsel. Dkt. No. 46.

The court **ORDERS** that Federal Defender Services of Wisconsin must appoint new counsel to represent the defendant.

Dated in Milwaukee, Wisconsin this 28th day of June, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
